## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:23CV837 |
| ALAN HIRSCH, in his official capacity as Chair of the North Carolina State Board of Elections; JEFF CARMON, in his official capacity as Secretary of the North Carolina State Board of Elections; STACY EGGERS IV, KEVIN N. LEWIS, AND SIOBHAN O'DUFFY MILLEN, in their official capacities as members of the North Carolina State Board of Elections, KAREN BRINSON BELL in her official capacity as Executive Director of the State Board of Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Intervene by Philip E. Berger, in his

official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K.

Moore, in his official capacity as Speaker of the North Carolina House of Representatives

(collectively "Proposed Intervenors"), pursuant to Federal Rule of Civil Procedure 24 to

defend the provisions of state law challenged in this action. (Docket Entry 22.) Both Plaintiff

and Defendants do not oppose this motion. (*See id.* at 2.)[1] For the following reasons, the Court recommends that Proposed Intervenors' motion be granted.

## I. BACKGROUND

On October 2, 2023, Plaintiff, North Carolina Alliance for Retired Americans (the "Alliance"), commenced this action against the members and executive director of the North Carolina State Board of Elections ("NCSBE") (collectively the "NCSBE Defendants"), alleging that N.C. Gen. Stat. § 163-55(a) violates Section 202 of the Voting Rights Act, and the First and Fourteenth Amendments to the United States Constitution. (*See generally*, Complaint, Docket Entry 1.)[2] Specifically, the Alliance alleges that the North Carolina durational residency requirement that a state resident must have "resided in the State of North Carolina and in the precinct in which the person offers to vote for 30 days next preceding an election" is unconstitutional. (*See id.* ¶¶ 7, 45-59 (quoting N.C. Gen. Stat. § 163-55(a)).) The Alliance seeks declaratory and injunctive relief against the NCSBE Defendants. (*Id.* ¶¶ 45-59.)

## II. DISCUSSION

Proposed Intervenors move to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. (*See* Docket Entry 23 at 6-10.) On a timely motion, "[u]nder Rule 24(a)(2), a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[2] The Alliance also cites to N.C. Const. art. VI, § 2, para. 1 ("Any person who has resided in the State of North Carolina for one year and in the precinct, ward, or other election district for 30 days next preceding an election, and possesses the other qualifications set out in this Article, shall be entitled to vote . . . ."). (Compl. ¶ 7.)

2

protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.' " *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker,* 931 F.2d 259, 260-61 (4th Cir. 1991)). Proposed Intervenors bear the burden of demonstrating to the Court that they have a right to intervene. *Thomas v. Andino*, 335 F.R.D. 364, 368 (D.S.C. 2020); *Richman v. First Woman's Bank*, 104 F.3d 654, 659 (4th Cir. 1997).

Alternatively, Proposed Intervenors move for permissive intervention. (*See* Docket Entry 23 at 10.) Under Rule 24(b), a court may permit intervention upon a timely motion of any party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The decision to grant or deny a motion for permissive intervention "lies within the sound discretion of the trial court" although "some standards have been developed to guide the courts in making intervention determinations." *Hill v. W. Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). However, "findings on those factors are not determinative of or sufficient to decide a permissive intervention motion." *McHenry v. Comm'r*, 677 F.3d 214, 222 (4th Cir. 2012).

Here, the undersigned concludes that Proposed Intervenors have met the requirements to intervene as a matter of right. Proposed Intervenors' motion was timely filed. Regarding timeliness under Rule 24, a reviewing court should "assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d

3

588, 591 (4th Cir. 2014). Here, the case is in its early stages, the motion was filed approximately two weeks after the Complaint, before the NCSBE Defendants filed an answer, and substantive proceedings have not yet occurred. Furthermore, neither party contends that Proposed Intervenors' motion was untimely, nor does the Court find any prejudice related to the timing of the motion. Accordingly, the Court concludes that the motion is timely.

Next, Proposed Intervenors argue that they possess a direct and substantial interest in the subject matter of the litigation, and that said litigation threatens to impair such protectable interest. (Docket Entry 23 at 7-8.) Proposed Intervenors rely on North Carolina General Statute Section 1-72.2 granting them authorization to intervene in any judicial action challenging the constitutionality of a North Carolina statute or a portion of the State constitution, *see* N.C. Gen. Stat. § 1-72.2(b), and the United States Supreme Court's decision in *Berger v. N.C. State Conference of the NAACP*, 142 S. Ct. 2191 (2022). In *Berger*, the Court acknowledged that "[n]o one questions that States possess a legitimate interest in the continued enforcement of their own statutes." *Id.* at 2201 (internal quotation marks, brackets omitted). Thus, "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." *Id.* Some states like North Carolina, "authorize multiple officials to defend their practical interests in cases like these," *id.* at 2197, and "when a State chooses to allocate authority among different officials who do not answer to one another, different interests and perspectives, all important to the administration of state government, may emerge." *Id.* at 2201.

4

Here, the Alliance's request for declaratory and injunctive relief necessarily implicates the State's interest in continued enforcement of its own statutes and this interest is shared by Proposed Intervenors. To ignore the interest would "turn[ ] a deaf federal ear to voices the State has deemed crucial to understanding the full range of its interests." *Id.* Accordingly, this Court finds that Proposed Intervenors have an interest in the subject of this action that may be impeded by disposition of the action.

Concerning Rule 24(a)'s third requirement regarding the adequacy of representation, Proposed Intervenors have met their burden. The burden of making this showing for Proposed Intervenors "should be treated as minimal." *Trbovich v. Mine Workers*, 404 U.S. 528, 538 n.10 (1972). However, [w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). The presumption of adequate representation "is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." *Berger*, 142 S. Ct. at 2204. As the Supreme Court acknowledged, "North Carolina has authorized different agents to defend its practical interests precisely because, thanks to how it has structured its government, each may be expected to vindicate different points of view on the State's behalf." *Id.* Thus, "state agents may pursue related state interests, but they cannot be fairly presumed to bear identical ones." *Id.* (internal quotations and citation omitted). Proposed Intervenors' interest in this case is the continued enforcement of the challenged state laws. While the NCSBE Defendants' interest is similar, they are likely vindicating the State's interest from a different perspective. The NCSBE

5

Defendants and Proposed Intervenors may have interests that even overlap, but for this Court to presume a full overlap would "make little sense and do much violence to our system of cooperative federalism." *Id.* Therefore, the undersigned finds that Proposed Intervenors have met their minimal burden that the NCSBE Defendants may not adequately represent the Proposed Intervenors' interests, and Proposed Intervenors are thus entitled to intervene as a matter of right under Rule 24(a).

Even if intervention were not warranted under Rule 24(a), Proposed Intervenors would be entitled to permissive intervention. *See Scott v. Resolve Partners, LLC*, 341 F.R.D. 17, 19 (M.D.N.C. 2021) ("If intervention as of right is not warranted, a court may still allow an applicant to intervene permissively."). As stated above, the motion is timely. Furthermore, Proposed Intervenors will present a defense that shares with the main action a common question of law or fact; that is, whether the challenged laws are inconsistent with the Voting Rights Act and the Constitution. The intervention will not result in undue delay nor prejudice to the Alliance or the NCSBE Defendants. Thus, permissive intervention would also be warranted under Rule 24(b).

## III.   CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Proposed Intervenors' Motion to Intervene (Docket Entry 22) be **GRANTED**.

_/s/  Joe L. Webster_
United States Magistrate Judge

December 15, 2023
Durham, North Carolina