# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN HIRSCH, in his official capacity as Chair of the State Board of Elections, JEFF CARMON, in his official capacity as Secretary of the State Board of Elections, STACY EGGERS IV, in his official capacity as Member of the State Board of Elections, KEVIN N. LEWIS, in his official capacity as Member of the State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her official capacity as Member of the State Board of Elections, KAREN BRINSON BELL, in her official capacity as Executive Director of the State Board of Elections,<br><br>    Defendants. | Case No.1:23-cv-00837-WO-JLW |

**PLAINTIFF'S RULE 65 MOTION TO CONSOLIDATE PRELIMINARY INJUNCTION HEARING WITH TRIAL ON THE MERITS**

1

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 65(a)(2), Plaintiff respectfully requests that the Court advance the trial on the merits and consolidate it with the preliminary injunction hearing, to take place after the March 5, 2024, primary election.[1] Plaintiff has conferred with counsel for State Board Defendants and Intervenors.[2] Intervenors oppose Plaintiff's request, but the State Board Defendants do not.

Federal Rule of Civil Procedure 65(a)(2) "wisely permits the district court in an appropriate case to hear a motion for preliminary injunction and conduct a hearing on the merits at the same time." *AttorneyFirst, LLC v. Ascension Ent., Inc.*, 144 F. App'x 283, 287 (4th Cir. 2005) (quoting *Gellman v. Maryland*, 538 F.2d 603, 604 (4th Cir. 1976)). Plaintiff respectfully requests that the Court do so here.

Consolidation is appropriate here because this case turns on legal questions, for which further factual development is not required. *See Phillips v. Hechler*, 120 F. Supp. 2d 587, 588 (S.D. W. Va. 2000). In resolving Plaintiff's Preliminary

---

[1] Plaintiff does not seek an injunction that would affect the 2024 primary election, in recognition of the administrative difficulties that such relief might entail.

[2] Defendants are Alan Hirsch, Jeff Carmon, Stacy Eggers, IV, Kevin N. Lewis, Siobhan O'Duffy Millen, and Karen Brinson Bell (collectively, "State Board Defendants"). Intervenors are Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives (together, "Intervenors").

Injunction Motion, this Court must determine whether it has subject matter jurisdiction and whether the 30-Day Residency Requirement violates the VRA and U.S. Constitution. Those same issues will be dispositive on the merits. Plaintiff's facial challenge to the 30-Day Residency Requirement does not depend on any facts about the 30-Day Residency Requirement's application to any particular election. Thus, because further factual development will not aid the Court, this case is well-suited to consolidation with the merits under Rule 65(a)(2). *See, e.g.*, *Underwood v. City Council of Greenville*, 316 F. Supp. 956, 959 (E.D.N.C. 1970) (consolidating preliminary injunction hearing with a trial on the merits because both would require the court to determine the constitutionality of the challenged law); *Hess v. Hughes*, 500 F. Supp. 1054, 1056 (D. Md. 1980) (ordering consolidation in part because "all the evidence and arguments on the validity of a preliminary injunction would likewise appear to the Court to be all the relevant evidence in this case") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1187 (10th Cir. 1975)).

Moreover, reaching the ultimate issues of the case on an expedited timeline would "'serve the interests of justice'" by allowing for final resolution of the merits before the "imminent general election." *Phillips v. Hechler*, 120 F. Supp. 2d 587, 588 (S.D. W. Va. 2000) (ordering consolidation, even without clear notice to parties, in part to resolve challenge to election law before upcoming election) (quoting *Pughsley v. 3750 Lake Shore Drive Coop. Bldg.*, 463 F.2d 1055, 1057 (7th Cir.

1972)). Because of the importance of the issues at stake, and the harm from delaying relief, "civil rights cases are especially suitable for such simultaneous development." *Singleton v. Anson Cnty. Bd. of Educ.*, 387 F.2d 349, 351 (4th Cir. 1967).

Given that the preliminary injunction motion and ultimate merits turn on the same questions of law, and in light of the fundamental voting rights at stake, Plaintiff respectfully requests that this Court consolidate a hearing on plaintiffs' preliminary injunction motion with an expedited trial on the merits.

Dated: February 20, 2024.   Respectfully submitted,

/s/ Narendra K. Ghosh
Narendra K. Ghosh
N.C. Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
Telephone: (919) 942-5200
nghosh@pathlaw.com

David R. Fox*
Marilyn Gabriela Robb*
Tina Meng Morrison*
Ian U. Baize*
ELIAS LAW GROUP LLP
250 Massachusetts Ave, N.W., Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
dfox@elias.law
mrobb@elias.law
tmengmorrison@elias.law
ibaize@elias.law

4

*\* Participating via Notices of Special Appearance*

*Counsel for Plaintiff*