IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
NORTH CAROLINA ALLIANCE         )
FOR RETIRED AMERICANS           )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )
ALAN HIRSCH in his official     )
capacity as Chair of the        )
State Board of Elections,       )
JEFF CARMON in his official     )
capacity as Secretary of the    )
State Board of Elections,       )
STACY EGGERS IV in his          )
official capacity as Member     )
of the State Board of           )
Elections, KEVIN N. LEWIS in    )
his official capacity as        )
Member of the State Board of    )
Elections, SIOBHAN O'DUFFY      )
MILLEN in her official          )     1:23-cv-837
capacity as Member of the       )
State Board of Elections, and   )
KAREN BRINSON BELL in her       )
official capacity as            )
Executive Director of the       )
State Board of Elections,       )
                                )
          Defendants,           )
***************************** )
and                             )
                                )
PHILIP E. BERGER in his         )
official capacity as President  )
Pro Tempore of the North        )
Carolina Senate, and            )
TIMOTHY K. MOORE in his         )
official capacity as Speaker    )
of the North Carolina House     )
of Representatives,             )
                                )
          Intervenor-Defendants.)
```

**ORDER**

Before this court is Intervenor Defendants' Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer. (Doc. 37.) For the reasons stated herein, the motion will be granted, and the case will be transferred to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).

Also pending before this court is Plaintiff's Motion for Preliminary Injunction, (Doc. 33), and Plaintiff's Rule 65 Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits, (Doc. 49). In light of the transfer, this court will defer ruling on those motions, (Docs. 33, 49), as well as the merits of Intervenor Defendants' Motion to Dismiss, (Doc. 37), to the transferee court. Accordingly, those motions will be denied without prejudice.

I. **FACTUAL BACKGROUND**

On October 2, 2023, Plaintiff, North Carolina Alliance for Retired Americans, commenced this action against the members and executive director of the North Carolina State Board of Elections, alleging that N.C. Gen. Stat. § 163-55(a) violates Section 202 of the Voting Rights Act, and the First and Fourteenth Amendments to the United States Constitution. (Am. Compl. for Declaratory and Inj. Relief ("Compl.") (Doc. 32)

¶¶ 1-7.) Specifically, Plaintiff alleges that the requirement that a voter must have "resided in the State of North Carolina and in the precinct in which the person offers to vote for 30 days next preceding an election" ("Durational Residency Requirement") is unconstitutional. (Id. ¶ 7.)

Plaintiff argues the Voting Rights Act and the Constitution prohibit durational residency requirements but permits pre-election registration deadlines. (Id. ¶ 4.) "If a state's durational residency requirement coincides with its constitutional registration deadline, a voter would not be independently injured by the residency requirement because they would also be unable to register before the state's predetermined deadline." (Id. ¶ 42.) However, North Carolina voters may register up until the Saturday before election day. (Id. ¶ 43.) Thus, if an otherwise eligible voter wishes to take advantage of the same-day registration process but has moved to the State or a new county or precinct within 30 days of the election, they would not be able to vote in their new precinct because of the Durational Residency Requirement. (See id.) Plaintiff seeks declaratory and injunctive relief. (Id. at 20-21.)

## II. PROCEDURAL HISTORY

On October 16, 2023, Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives, (together, "Intervenor Defendants") filed an unopposed motion to intervene as defendants. (Doc. 22.) On December 15, 2023, Magistrate Judge Webster issued a memorandum opinion and recommendation to grant the motion to intervene, (Doc. 29), and this court adopted Judge Webster's recommendation and granted the motion to intervene, (Doc. 41).

On January 16, 2024, Intervenor Defendants filed a motion to dismiss or, alternatively, to transfer, (Mot. to Dismiss the Am. Compl. or, Alternatively, to Transfer (Doc. 37)), and a memorandum in support, (Intervenors' Mem. in Supp. of their Mot. to Dismiss Am. Compl. or, Alternatively, to Transfer ("Defs.' Mem.") (Doc. 38)). Plaintiff responded, (Pl.'s Resp. in Opp. to Intervenors' Mot. to Dismiss ("Pl.'s Resp.") (Doc. 45)), and Intervenor Defendants replied, (Intervenors' Reply in Supp. of their Mot. to Dismiss Am. Compl. or, Alternatively, to Transfer ("Defs.' Reply") (Doc. 47)).

Intervenor Defendants' motion to dismiss argues venue is improper in this district, thus this court must dismiss the case

for improper venue, or, in the alternative, transfer venue to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1406(a).[1] (Defs.' Mem. (Doc. 38) at 19-20.)

**III. ANALYSIS**

When venue is challenged on a motion to dismiss, the plaintiff bears the burden of showing that venue is proper. GORE v. Air & Liquid Corp., No. 1:15-cv-465, 2016 WL 11680149, at *1 (M.D.N.C. June 21, 2016). "Absent an evidentiary hearing, a plaintiff need only make a prima facie showing that venue is proper. The Court can consider evidence outside the pleadings and views the facts in the light most favorable to the plaintiff." Id. (internal citation omitted). However, the court is not obligated to treat allegations that are speculative, conclusory, or lacking factual detail, as true. Ansley v. Warren, No. 1:16-cv-54, 2016 WL 5213937, at *7 (W.D.N.C. Sept. 20, 2016), aff'd 861 F.3d 512 (4th Cir. 2017). If venue is improper, the court can either dismiss the case or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

---

[1] Intervenor Defendants' motion also argues for dismissal on other grounds, but, because this court is transferring the case, it will not reach the merits of those arguments.

Venue is proper either in "(1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §§ 1391(b)(1), (2).[2]

> "[I]n determining whether events or omissions are sufficiently substantial to support venue . . . , a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." [Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004)]. "Rather, it should review 'the entire sequence of events underlying the claim.'" Id. (quoting Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001)). As "it is possible for venue to be proper in more than one judicial district," id., [Plaintiff] need not show that this judicial district is the best venue—only that it is a proper venue. See AP Links, LLC v. Glob. Golf, Inc., No. CCB-08-705, 2008 WL 4225764, at *5 (D. Md. Sept. 2, 2008); see also Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1165 (10th Cir. 2010) ("[V]enue is not limited to the district with the most substantial events or omissions."); Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005) ("Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred."). Nonetheless, the Court must still "take seriously the adjective 'substantial'" in determining whether a substantial part of the relevant events or omissions occurred in this judicial district. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir.

---

[2] The statute further provides "if there is no district in which an action may otherwise be brought," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction." Id. § 1391(b)(3).

2005); Bartko v. Wheeler, No. 1:13CV1006, 2014 WL 29441, at *9 (M.D.N.C. Jan. 3, 2014) (quoting Gulf, 417 F.3d at 357).

GORE, 2016 WL 11680149, at *1.

"Several courts apply the principle that 'where plaintiffs challenge state-wide policies, and not merely the actions of state officials in a single county, venue is proper pursuant to Section 1391(b)(2) in the district where those policies are developed." Ansley, 2016 WL 5213937, at *8; see also Stanton-Negley Drug Co. v. Pa. Dep't of Public Welfare, No. 07-1309, 2008 WL 1881894, at *5 (W.D. Pa. Apr. 24, 2008) ("[W]hen a complaint is directed at statewide policies and actions of state officials, proper venue is the district in which those policies and actions took place, not the Plaintiff's residence where she felt the effect of those policies."). "Other courts apply the venue statute more broadly," and allow cases to be brought in the venue where the "effects" of the challenged statute would be felt. Ansley, 2016 WL 5213937, at *8 (collecting cases).

In Ansley, the plaintiffs challenged the constitutionality of a North Carolina Senate Bill which allowed magistrate judges to recuse themselves from conducting any marriages. Id. at *2. The Bill was filed after a Western District of North Carolina court declared unconstitutional a proposed Amendment to the North Carolina Constitution which would prohibit same-sex

- 7 -

marriage. Id. at *1-2. The defendant argued venue was only proper in the Eastern District of North Carolina, where the defendant resided in his official capacity, and where the debates and enactment of the challenged law occurred. Id. at *8. The court found that "while a substantial part of the events giving rise to this lawsuit occurred in [the Eastern District of North Carolina]," venue was proper in the Western District of North Carolina "based on the specific allegations in the Complaint made as to the magistrates in [a county in the Western District] and based on Plaintiffs' residency [in the Western District]." Id. at *9.

Here, Intervenor Defendants argue venue is improper in the Middle District of North Carolina and ask this court to either dismiss the Complaint or transfer the case to the Eastern District of North Carolina under 28 U.S.C. § 1406(a) because all Defendants reside in the Eastern District of North Carolina and Defendants have performed every alleged event or omission giving rise to Plaintiff's purported claims in the Eastern District of North Carolina. (Defs.' Mem. (Doc. 38) at 19.) Plaintiff does not dispute that all Defendants reside in the Eastern District, and thus venue would be proper there. (See Pl.'s Resp. (Doc. 45) at 18-21 (not disputing the residential prong but disputing the events or omissions prong).) However, Plaintiff states venue is

- 8 -

also proper in the Middle District "because the 'events or omissions giving rise to' the Alliance's claims include the enforcement across the entire State of the 30-Day Residency Requirements. A substantial part of those events occur in this judicial district, where millions of North Carolinians live and vote, including thousands of the Alliance's members." (Id. at 19-20 (citations omitted).) Plaintiff also states that "the Western and Middle Districts of North Carolina have repeatedly heard election-related cases against Raleigh-based defendants arising out of voting rules applicable across the state." (Id. at 19 (citing Brody v. N.C. State Bd. of Elections, No. 3:10cv383, 2011 WL 1843199, at *5 (W.D.N.C. May 16, 2011); Greene v. Bartlett, No. 5:08CV88-V, 2008 WL 4223691, at *1-2 (W.D.N.C. Sept. 9, 2008) in support).)

As an initial matter, in the absence of a timely objection by the defendant, venue may be waived. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). Therefore, in the absence of a venue challenge, cases in the Western or Middle Districts of North Carolina hearing similar election-related cases against Raleigh-based defendants do not necessarily support Plaintiff's argument, because a court may, but is not required to, raise the issue of defective venue sua sponte.

The other cases Plaintiff cites are factually distinct from the case here. In Greene,[3] the plaintiff, an individual "seek[ing] to have his name placed on the ballot in the [General Election] as an independent (or unaffiliated) candidate for a North Carolina Tenth Congressional District seat," challenged the state law that governed the procedure independent candidates must follow to be placed on the ballot. 2008 WL 4223691, at *1. The court found venue was proper in the Western District because there was a "nexus between Plaintiffs' cause of action and the federal judicial district that encompass[ed] the Tenth Congressional District." Id. at *2. Moreover, "[m]uch of Plaintiffs' efforts" at satisfying the requirements to be placed on the ballot occurred in the Western District of North Carolina. Id.

Plaintiff has failed to identify any "acts or omissions" occurring in the Middle District of North Carolina other than the fact that an allegedly unconstitutional law would be enforced statewide, thereby affecting "thousands of [Plaintiff's] members in this judicial district." (Compl. (Doc. 32) ¶ 16.) However, this type of conclusory allegation does not support a prima facie showing of venue. Unlike Ansley

---

[3] Brody v. North Carolina State Board of Elections, No. 3:10cv383, 2011 WL 1843199 (W.D.N.C. May 16, 2011) is a case with identical facts.

and Greene, Plaintiff fails to point to any specific facts linking Defendants' acts or omissions to the Middle District of North Carolina. If this court were to adopt Plaintiff's venue arguments, it would mean anytime a plaintiff organization challenges a state law, venue would be proper in any district in that state where the organization had members potentially affected by the challenged statute — regardless of the specific acts of the parties. This court declines to read Section 1391(b)(2) so broadly and concludes that venue is improper in the Middle District of North Carolina.

Because this court has concluded that venue is improper in the Middle District of North Carolina, it must determine whether to transfer the case to the Eastern District of North Carolina or to dismiss the case without prejudice. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). "When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." GORE, 2016 WL 11680149, at *3 (quoting Jackson v. Leake, No. 1:05CV00691, 2006

- 11 -

WL 2264027, at *10 (M.D.N.C. Aug. 7, 2006)). Here, there is no indication that Plaintiff brought this case in an improper venue in bad faith or in an attempt to harass. This court finds, and both parties agree, that venue would be proper in the Eastern District of North Carolina and that this case could have been brought there. Thus, Intervenor Defendants' motion to dismiss, or alternatively, to transfer, will be granted and this case will be transferred to the Eastern District of North Carolina.

## IV. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Intervenor Defendants' Motion to Dismiss the Amended Complaint or, Alternatively, to Transfer, (Doc. 37), is **GRANTED**, and this case shall be transferred to the United States District Court for the Eastern District of North Carolina.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Doc. 33), and Plaintiff's Rule 65 Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits, (Doc. 49), are **DENIED WITHOUT PREJUDICE.**

This the 16th day of May, 2024.

/s/ William L. Osteen, Jr.
United States District Judge